THE BUFFALO.

(District Court, W. D. New York. September 19, 1906.)

SHIPPING—PROCEEDINGS FOR LIMITATION OF LIABILITY—PARTS OF VESSEL.

A traveling derrick upon a scow belonging to her owner, and the use of which was indispensable to enable her to perform the duties in which she was engaged at the time of the commission of a negligent act, is a part of her apparel, tackle, and furniture to be appraised as a part of her in proceedings for limitation of liability on account of such act.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Shipping, §§ 639, 656.

Limitation of owner's liability, see note to The Longfellow, 45 C. C. A. 387.]

In Admiralty. In the matter of limitation of liability. On application of respondent to exempt certain property from lien and attachment. See 147 Fed. 304.

Lawrence J. Collins, John Cunneen, and Thomas C. Burke, for libelants.

Hoyt, Dustin & Kelley and Brown, Ely & Richards, for respondent.

HAZEL, District Judge. The question here is whether a traveling derrick is a part of the apparel, tackle, and furniture of the scow Buffalo. The derrick in question which concededly belonged to the owners of the scow, was a part of her apparel, tackle, and furniture, and

is therefore liable to the extent of its appraised value for the negligent act complained of. Its use was essential to the practicability of the scow for the purpose and object for which she was being used at the time of the accident. There is no doubt but that she would not have been engaged to unload or reload the stranded vessel except for her hoisting rigging and machinery. Situate as she was, the remarks of Lord Stowell, in The Dundee, 1 Hag. Ad. 120, are thought to be appropriate. In speaking generally of accompaniments that are essential to a ship as distinguished from her cargo, he says:

"If they are indispensable instruments, without which the ship cannot execute its mission and perform its functions, it may, in ordinary loose application, be included under the term "ship," being that which may be essential to it—as essential to it as any part of its own immediate machinery."

The case of Swift v. Brownell, Fed. Cas. No. 13,695, cited by proctors for respondent, is not controlling here. There it was simply held that provisions and supplies of a whaling ship were not within the meaning of the word "ship" or "vessel" as those terms are used in our statute. Under the English law they were appurtenances, but, as the term "appurtenances" was omitted from our statute, it was thought that they did not come under its provisions. It will readily be observed that the facts of that case are distinguishable. The derrick cannot be classed strictly within the meaning of an appurtenance of a ship, even though it could be, and frequently was, moved to and from the ship. In its operation it was conjointly used with the ship, and became an indispensable and necessary part thereof—as necessary as the mast of a sailing vessel, or the engine of a steamer. See the Edwin Post (D. C.) 11 Fed. 602.

The coal buckets were not aboard the vessel when the accident happened, and therefore the proctors for libelant consent that they should not be included in the report of the appraisers.

The application to exempt the derrick is denied. A decree limiting the liability of the vessel in question in accordance with the foregoing views may be entered.